

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2002

# USA v. Ogrod

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Ogrod" (2002). *2002 Decisions.* Paper 700.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/700

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-3807

————————

UNITED STATES OF AMERICA

v.

RANDY OGROD, a/k/a RANDY PERSONS

Randy Ogrod,  Appellant

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim Civ. No. 98-cr-00464 )
District Judge:  Honorable Mary A. McLaughlin

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2002
Before:  NYGAARD and WEIS, Circuit Judges, and IRENAS,*

District Judge

.

Filed  November 5, 2002

————————

OPINION

————————

————————————

* The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting
by designation.
WEIS, Circuit Judge.

Defendant pleaded guilty to one count of conspiracy to distribute phenyl-2-propanone in violation of 21 U.S.C. § 846. Pursuant to the government's motion under Sentencing Guideline 5K1.1, the District Court departed downward five levels and sentenced defendant to 70-months imprisonment, followed by four years of supervised release.

On appeal, defendant *pro se* asserted that:

1. The evidence at sentencing was insufficient to sustain the conviction because the government did not establish the weight of the P2P beyond a reasonable doubt;

2. The sentence should have been based on 79 grams, the only amount that the government proved by laboratory analysis;

3. The government destroyed the substance and, thus, deprived the defendant of the opportunity to have it analyzed; and,

4. Under Apprendi v. New Jersey, 530 U.S. 466, 475 (2000), the amount of the drug was a question for the jury.

At the defendant's request, counsel was appointed to represent him on appeal. She filed a supplemental brief that raises the following issues:

1. Whether the defendant's guilty plea was knowingly entered when the trial court failed to inquire during the colloquy whether defendant understood the consequences of his stipulation that the P2P was distributed for the purposes of manufacturing methamphetamine, which would result in a six level increase in the offense level;

2. Whether there was an adequate factual basis for the court to find that the

2

P2P was distributed for the purpose of manufacturing methamphetamine; and,

3. Whether the District Court erred in calculating the offense level by using the drug equivalency for P2P "when *possessed for* the purpose of manufacturing methamphetamine" when the parties had stipulated that the drug was *distributed for* the purpose of manufacturing methamphetamine.

During the plea colloquy, the district judge announced that "the parties had stipulated that approximately one liter of P2P was distributed for the purpose of manufacturing methamphetamine in furtherance of the criminal activity jointly undertaken by the defendant and his co-conspirator, that this amount was reasonably foreseeable to the defendant in connection with the conspiracy, and that the defendant's Guideline range should be calculated on that amount under Guideline section 1B1.3, which results in a base offense level of 28 months under Guideline section 2D1.1."

When directly questioned on whether those were terms of his plea agreement, defendant responded "yes." He also affirmed that he had signed the plea agreement which contained that stipulation in writing.

The court also questioned the defendant's counsel, inquiring whether he was satisfied that there was a factual basis for the plea, and that defendant had a full understanding of the nature of the charges and the maximum penalty. Counsel responded, "Yes, Your Honor."

Before sentencing occurred, defendant personally wrote to the Court asking that he be relieved of his stipulation as to the amount of P2P involved. The United States Attorney responded that the amount in the bottle that the defendant had in his possession was approximately one liter, and that two samples totaling 80 milliliters were sent to the lab for testing. The remainder was destroyed.

At sentencing, the district judge decided that because the government had not actually weighed the total amount of the P2P, the offense level would be reduced from 28 to 26. After an additional reduction of one level, the District Court departed downward five levels pursuant to the 5K1.1 motion, and sentenced the defendant at the bottom of that level.

We have carefully reviewed each of the alleged errors and find them to lack merit. We will comment on the one point that counsel has urged most strongly on appeal, that the District Court did not advise the defendant of the difference in Guidelines for sentencing purposes between violations of simple possession of P2P as contrasted with the more severe penalties for possession with intent to manufacture methamphetamine.

4

Because this issue was not raised in the trial court, we review for plain error.

The plea agreement was negotiated by trial counsel for defendant and the United States Attorney's office. The facts stipulated to by the defendant established the basis for the more serious offense of distribution with the purpose of manufacturing methamphetamine. The government contends that it was prepared to present evidence to establish that fact, but did not do so in view of the stipulation.

We note that the district judge did adequately advise the defendant of the potential sentence when he pleaded guilty – a sentence far in excess of that he actually received. In view of the stipulation, it was not necessary for the sentencing judge to explain that, in the absence of intent to distribute for manufacturing purposes, the Guidelines provided a lesser sentence.

Essentially, what the defendant is raising at this point is ineffective assistance of counsel in stipulating that critical factual issue and failing to challenge the more serious aspect of P2P possession. This point must be raised in a motion under 28 U.S.C. § 2255. We do not foreclose such action on part of the defendant.

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:

        Please file the foregoing Opinion.


                    /s/ Joseph F. Weis, Jr.
                    United States Circuit Judge